[730 NYS2d 519]

In the Matter of DANIEL J. DORAN (Admitted as DANIEL JOHN DORAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 24, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated July 18, 2000, the respondent was suspended from the practice of law pending

further order of the Court, pursuant to Judiciary Law § 90 (4) (f), as a result of his plea of guilty to a serious crime. The respondent pleaded guilty in the United States District Court for the Eastern District of New York to the Federal felony of attempt to evade or defeat tax, in violation of 26 USC § 7201. In the order of suspension, the Court directed the respondent to immediately apprise it of his sentencing for the aforementioned offense so that a disciplinary proceeding could be authorized. By decision and order dated February 1, 2001, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent, with a petition to be served within 20 days and an answer 10 days thereafter, and the matter was referred to the Honorable Samuel Greenstein, as Special Referee, to hear and report.

The petitioner now moves for an order granting the petition upon the respondent's default in answering the petition, and imposing discipline against him upon the charge set forth therein.

By letter dated February 7, 2001, the notice of petition and petition were served upon the respondent's attorney. By letter dated February 20, 2001, the respondent's attorney confirmed a telephone conversation wherein he had informed Grievance Counsel that he had not been retained with respect to the disciplinary matter. However, he had forwarded copies of the notice of petition and petition to the respondent and advised him of his obligation to answer.

By letter dated February 27, 2001, Grievance Counsel confirmed a telephone conversation with the respondent wherein his request for an extension of time in which to file and serve an answer was granted to March 19, 2001. To date, the respondent has not submitted an answer.

Although served with the petitioner's motion on April 26, 2001, the respondent has failed to reply. Accordingly, the respondent is in default, and the charge against him predicated upon his conviction of a serious crime must be deemed established.

Under the circumstances, the petitioner's motion is granted, the respondent is disbarred upon his default in appearing, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daniel J. Doran, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Daniel J. Doran is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.